# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT CARL SHARP,<br><br>Defendant. | Case No. CR15-0031<br><br>ORDER FOR PRETRIAL DETENTION |

On the 15th day of April, 2015, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Dan Chatham. The Defendant appeared personally and was represented by his attorney, Joel J. Schwartz.

## I. RELEVANT FACTS AND PROCEEDINGS

On March 31, 2015, Defendant Robert Carl Sharp was charged by Indictment (docket number 3) with conspiracy to manufacture and distribute a controlled substance (Count 1), possession with intent to distribute a controlled substance (Count 2), and possession with intent to distribute, and aiding and abetting the possession with intent to distribute, a controlled substance (Count 3). At the arraignment on April 6, 2015, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on June 1, 2015.

Neither party offered any evidence at the time of hearing, instead relying on the information found in the pretrial services report. Defendant is 35 years old. He was born in Chicago and lived in Illinois for most of his life, until moving to Eastern Iowa in early 2013. Defendant has been in federal custody for nearly one year, but prior to that time

was living with his girlfriend in Center Point, Iowa. Defendant's girlfriend confirmed that he could return to her residence if released.

Defendant told the pretrial services officer that he was married in 1998 and was never formally divorced. Defendant also stated, however, that the marriage may not have been valid because he believes his wife was already married to another person at the time. No children were born to the marriage. Defendant has a 14-year-old daughter from another relationship, however, who resides with her mother in Illinois.

Defendant has not been employed since he was taken into federal custody in May 2014. Prior to that time, he was self-employed for just less than two years, operating stores called Pipe Dreams and Smoke N' Ink. Defendant is in good physical health and denied ever suffering from a mental illness. Defendant admitted consuming cocaine when he was younger, but denied its use since 2002. Defendant also admitted using marijuana prior to his imprisonment in 2005, but declined to provide any further information regarding his history of marijuana usage.

Defendant has a lengthy criminal record dating back to 1995 when, at age 16, he was charged with possession of a stolen vehicle. While on probation for that charge, Defendant was charged with armed robbery and subsequently pleaded guilty to aggravated battery. He received a 4-year prison term on the aggravated battery charge. His parole was twice revoked.

In August 1998, while on parole, Defendant was charged with attempted burglary. He pleaded guilty to theft and was sentenced to four months in jail, with one year probation. While on probation, Defendant was charged and convicted of drunk driving.

In 2001, Defendant was charged and later convicted of manufacture/delivery cannabis. After receiving one year probation, a violation of probation was filed. While that violation was pending, Defendant was arrested again for manufacture/delivery

2

cannabis. The probation violation in the first case was dismissed, but he was sentenced to one year in prison on the second charge.

In September 2003, Defendant was charged in federal court in Illinois with possession with intent to distribute cocaine base. He was initially sentenced to 180 months in prison, but the sentence was later reduced to 132 months. He began a term of supervised release on April 2, 2012. The events which give rise to the instant charges allegedly occurred while Defendant was on supervised release. Defendant was not authorized to live in Iowa while on supervised release. Defendant's supervised release was revoked and he was sentenced to 10 months in prison. He discharged that sentence last month and was immediately arrested on the warrant which was issued in this case.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

3

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on

probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with conspiracy to manufacture and distribute a controlled substance, possession with intent to distribute a controlled substance, and possession with intent to distribute, and aiding and abetting the possession with intent to distribute, a controlled substance. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to 18 U.S.C. § 3142(f)(1)(C).

Because there is probable cause to believe Defendant committed three serious drug offenses, there is a rebuttable presumption that he should be detained pending trial. Defendant has a lengthy criminal record, including a history of committing additional criminal offenses while on probation or parole. Most recently, Defendant violated the terms of his supervised release in Illinois, by moving to Iowa without authorization. The Court has no confidence that Defendant would comply with any terms or conditions which it may impose for his release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is

confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the filing of the Indictment (March 31, 2015) to the filing of this Ruling (April 15, 2015) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act.[1] 18 U.S.C. § 3161(h)(1)(D).

DATED this 15th day of April, 2015.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA

---

[1] Defendant was originally arrested on a complaint filed in case number 15-MJ-55. At his initial appearance on March 11, 2015, Defendant requested a preliminary hearing and the Government requested the Defendant be detained pending further proceedings. A preliminary hearing and a detention hearing were scheduled for March 16. On March 12, Defendant requested (see docket number 12) the hearings be rescheduled. On March 13, the Court rescheduled the hearings for April 15 (see Order at docket number 14 and text entry at docket number 15). Generally, the speedy trial clock would have started running under these circumstances when the Indictment was filed. Because the Government's request for detention was pending at that time, however, the clock did not start to run until the Court ruled on the detention issue.