# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT CARL SHARP,<br><br>Defendant. | No. 15-cr-31-CJW<br><br>**REPORT AND RECOMMENDATION** |

_____

Before me is Defendant's Successive Motion for Return of Property Under Rule 41(g), filed on July 21, 2025. (Doc. 407.) The Government filed a response on August 18, 2025. (Doc. 411.)

As stated in my Order (Doc. 412), filed on August 20, 2025,

> [i]n essence, the Government is willing to return all non-contraband items in its possession or, more accurately, in the possession of law enforcement agencies involved in the investigation. The Government states that, other than digital copies of "non-drug exhibits" in the possession of the DEA, the only items available to be returned are in the possession of the Iowa City Police Department and listed in the Government's response.

(Doc. 412.) I further ordered Defendant to designate a person willing to retrieve these items ("Defendant's Designee) and notify United States Attorney Dan Chatham of the Designee's name and contact number so Mr. Chatham can alert the Iowa City Police Department who is authorized to receive the property. (*Id*.)

On September 9, 2025, Defendant filed a Reply titled "Property Designee Assignment and Request for Finding of Fact and Opportunity to be Made Whole for Lost Property" which designated Rockne Cole and Phetsamone Nguyen to retrieve his Property. (Doc. 413.) Defendant's Reply also states, "Defendant would like to be made whole for these non-contraband, non-forfeited, items of property lost by the government and its agents." Defendant's filing includes a list of lost items which includes: GPS unit, Samsung cellphone, LG cellphone, blue cellphone case, and clothing. Defendant's Reply does not list what facts he wishes for the Court to find.

On October 10, 2025, the Government filed a Response to Order RE: Defendant's Reply/Request for Finding of Fact. (Doc. 415.) The Government's Response indicates it has been determined that the clothing was not actually seized during the search but was only photographed. Furthermore, the Government agrees that the Defendant correctly acknowledged that the Court may not allow monetary damages in a Rule 41(g) action. Also, the Response states "[t]he United States . . . believes that the parties have fully complied with the Court's August 20, 2025 Order."

On October 23, 2025, I presided over a telephonic hearing regarding Defendant's Successive Motion for Return of Property Under Rule 41(g) (Doc. 407) and related filings at Docs. 411, 413, and 415. (Doc. 417.) As the minutes from the hearing indicate, "Judge asked the parties if there are factual disputes that need to be addressed by the Court. Government says there are no factual findings to make. Judge ordered the Government work with Mr. Sharp and file a status report in 60 days." (*Id.*) I also filed an Order on October 23, 2025, which recapped what was ordered during the hearing. (Doc. 418.)

On November 4, 2025, a letter from Defendant to Assistant United States Attorney Dan Chatham dated October 27, 2025 was filed. (Doc. 420.) Defendant's letter indicates

the following Property has still not been returned: documents, a CD of photographs, an Apple Computer, Motorola cellphone, Galaxy Note cellphone, and metal box.

On December 22, 2025, the Government filed a Status Report Regarding Return of Property (Doc. 421) which indicated after an additional search the Iowa City Police Department was "able to locate the Apple computer monitor, metal tin, various flyers, miscellaneous papers from AI Biotech, business cards, keys, and a padlock. . . . these items were returned to defendant's designee in late November." The Government's Status Report indicates the CD of photos were photographs from surveillance and not property that was seized from Defendant. Also, the Government's Status Report states, "[a]s to the Motorola and Galaxy Note cell phones, the ICPD reports that all digital devices in its possession which were seized from defendant have been returned to him." Lastly, the Government believes that all non-contraband items in the possession of the ICPD have been returned to Defendant's designee.

As I Ordered, it appears the parties worked together to return Defendant's seized property that was not lost or not considered contraband to Defendant's Designee; therefore, I respectfully recommend that Defendant's Successive Motion for Return of Property Under Rule 41(g) (Doc. 407) be **denied as moot**.

Objections to this Report and Recommendation in accordance with 28 U.S.C. Section 636(b)(l) and Fed. R. Crim. P. 59(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Crim. P. 59. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**DONE AND ENTERED** this 31st day of December, 2025

_____
Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa