IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT CARL SHARP,<br><br>Defendant. | No. 15-CR-31-CJW-MAR<br><br><br>**ORDER** |

_____

A Report and Recommendation ("R&R") by the Honorable Mark A. Roberts, United States Magistrate Judge, recommending the Court deny as moot defendant's Successive Motion for Return of Property Under Rule 41(g), (Doc. 407), is before the Court. (Doc. 422). For the following reasons, the Court **adopts** the R&R and **denies** defendant's motion.

## I. BACKGROUND

In October 2014, the Drug Enforcement Administration ("DEA") administratively forfeited assets belonging to defendant including $88,663 in cash, a 2013 Chevy Camero convertible, a 2008 Land Rover, $2,183 cash, and $8,409.44 cash that it seized during its investigation of defendant. (Docs. 394-1 through 394-5). On October 6, 2016, the Court ordered that defendant forfeit all property set forth in the preliminary order of forfeiture, which consisted of a money judgment in the amount of $200,000. (Docs. 150 (preliminary order of forfeiture) & 222 (judgment)). Since then, defendant has motioned four times for return of other property. *See* (Docs. 259, 269, 390, 407). On November 25, 2024, the Court denied defendant's motion to reconsider forfeiture. (Docs. 390 (motion to reconsider) & Doc. 396 (order denying)).

In his most recent motion, defendant requested "the return of 1) all papers seized from his homes and business 2) all electronics seized, including computers, cellular phones, his PlayStation 3, and his money counter, and 4) all other non-forfeited property seized by the United States from the defendant named in his initial Rule 41(g) motions." (Doc. 307, at 2–3). He asked that "this property to be given either to his wife . . . or legal counsel." (*Id.*, at 3). In his previous motions, he requested return of the $88,663 and Camero and Land Rover, (Doc. 259, at 2–3), as well as "business records, computers and cell phones," "documents," and "clothing, electronics, and misc[ellanous] other property which should be of no interest to law enforcement" (Doc. 269, at 4–5). That miscellaneous other property consisted of forty-eight items which defendant itemized and identified by description number and evidence number from the Iowa City Police Department ("ICPD"). (*Id.*, at 6–7).

The government responded to the motion, stating "[t]he bulk of the items defendant sought in his 2020 Rule 41(g) motion (Doc. 269) were seized by . . . ICPD[.] [ICPD] is in possession of nearly all, but not all, of the items listed in defendant's list." (Doc. 411, at 2). Furthermore, the government added that "[f]or any item listed as not being in evidence at [ICPD], the United States is not aware of its location, and therefore the property cannot be returned to defendant." (*Id.*). The government then itemized and listed its position on return of each item that defendant had itemized and listed. (*Id.*, at 2–4). The government objected to return of some of the property as it claimed that the property was contraband. (*Id.*). At the same time, it stated that "[d]efendant's designee can contact [ICPD's] records division to make arrangements to retrieve the items" and that defendant's designee could receive digitized evidence items from the U.S. Attorney's Office. (*Id.*, at 4).

On August 20, 2025, Judge Roberts ordered that "[d]efendant's [d]esignee shall retrieve the items to be returned as soon as possible, but no later than 45 days after the

2

entry of this order. Within 60 days of this order [d]efendant shall file a status report advising the Court whether any issues remain for the Court to decide regarding his Successive Motion for Return of Property." (Doc. 412, at 1–2). On September 9, 2025, defendant filed a response, requesting return of five of the items the government listed as not in ICPD property. (Doc. 413 (listing a GPS unit, two Samsung cell phones, an LG cell phone, and clothing)). Judge Roberts ordered that the government file a response, (Doc. 414), which the government did, (Doc. 415). In its response, the government stated that defendant's designee "retrieved the available items on defendant's list from [ICPD] on October 1, 2025." (Doc. 415, at 2).

Judge Roberts held a telephonic hearing on October 23, 2025. (Doc. 417). Following the hearing, Judge Roberts ordered that the government "work with [defendant] to return any more items that may be in the possession of [ICPD] and file a status report by December 23, 2025." (Doc. 418). The government filed a status report, stating that "[a]fter additional search of evidence storage, . . . [ICPD] Records Department personnel were able to locate the Apple computer monitor, metal tin (which contained drug paraphernalia), various flyers, miscellaneous papers from AI Biotech, business cards, keys, and a padlock." (Doc. 421, at 1–2). Furthermore, the government relayed that ICPD "reports that these items (minus the drug paraphernalia in the tin) were returned to defendant's designee in late November" and therefore the government "believes that all non-contraband items in the possession of . . . ICPD have been returned to defendant's designee." (*Id.*, at 2). On December 31, 2025, Judge Roberts issued his R&R, recommending that the Court deny defendant's motion for return of property as moot as "it appears the parties worked together to return [d]efendant's seized property that was not lost or not considered contraband to [d]efendant's [d]esignee[.]" (Doc. 422).

Neither party filed a timely objection. Defendant, however, filed a modified request for finding of fact after the deadline for objections in which he stated that he did

not object to the R&R "as long as it does not preclude a Finding of Fact from this Honorable Court, otherwise, [d]efendant would like to object to preserve his ability to seek a Finding of Fact[.]" (Doc. 424, at 1).

## II. STANDARD OF REVIEW

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (alteration in original) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district judge may, however, elect to review an R&R under a more exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge

to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). As neither party objected to the R&R here, the Court reviews it for clear error.

### III. DISCUSSION

Federal Rule of Criminal Procedure 41(g) provides:

A person aggrieved . . . by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

First, "[t]he movant must establish lawful entitlement to the property." *Jackson v. United States*, 526 F.3d 394, 396 (8th Cir. 2008). "This burden is . . . satisfied by showing that the property was seized from the movant's possession, as a person from whom property is seized is presumed to have a right to its return." *Id*. The burden then shifts to the government to "establish a legitimate reason to retain the property." *Id.* at 397.

Here, it appears to the Court, as it did to Judge Roberts, that defendant has no additional lawful entitlement to any property in possession of the government. The government has returned all non-contraband and non-forfeited items seized during the investigation, including, specifically, the Apple computer monitor, metal tin, various flyers, miscellaneous papers from AI Biotech, business cards, keys, and padlock that defendant claimed still missing. Therefore, the Court concludes that Judge Roberts did not clearly err in finding that defendant's most recent motion for return of property is moot and should be denied. *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000) ("When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances and a federal court can no

longer grant effective relief, the case is considered moot." (cleaned up)); *Sorcan v. Rock Ridge Sch. Dist.*, 131 F.4th 646, 650 (8th Cir. 2025) (explaining that an issue is moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party").

## IV. CONCLUSION

For reasons stated, the Court **adopts** Judge Roberts' R&R. (Doc. 422). Defendant's successive motion for return of property (Doc. 407) is **denied as moot**.

**IT IS SO ORDERED** this 5th day of February, 2026.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa